### No. 901

### LAMPORTS CO. v. KONIGSBERG.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6602.  Decided Oct. 25, 1926.

**First Publication of this Opinion.**

683.  JURY—465.  Error—658.  Interrogatories—If it is error for court to explain to the jury the legal effect of answer to interrogatory, or to give instruction or explanation that seeks to harmonize answer with general verdict or special findings, it is clear that it would be error for jury to do same, substantially through medium of officer of court, in absence of both court and counsel.

Error to Common Pleas.

Judgment reversed.

John H. McNeal, Cleveland, for Lamports Co.

Howell, Roberts & Duncan, Cleveland, for Konigsberg.

SULLIVAN, J.

This action was brought up on error from the Cuyahoga Common Pleas, wherein a judgment of $30,000 was rendered in favor of Ben Konigsberg.

There is nothing of a prejudicial nature with respect to the execution of the application to the Industrial Commission and as to mental capacity of Konigsberg, for these matters were left to the jury and they decided them from the evidence.

The court, while engaged in the trial of another case, was informed that the jury desired additional instructions; and the court informed the deputy clerk that he could tell the foreman of the jury, in answer to their interrogatory as to whether a certain question submitted to them for special findings should be answered "Yes" or "No," and that they should do so, but that they could qualify their answer. It appears from the record that one of the questions, while answered categorically, stated, in substance, that Konigsberg was acting within his legal rights.

By virtue of 11452 GC., if jurors desire to be further informed on the law of the case, they may request that they be conducted to the Court who shall give the information sought upon matters of law, and the Court, in the presence of, or after notice to, the parties or their counsel, may state its recollection of the testimony upon a disputed point.

The presumption of law remains, in the instant case, that prejudice was done the substantial rights of the complaining party, by the absence of the Court and counsel.

In the case of Walsh v. Thomas Sons, 91 OS., 211, the court held that it is error for the court to explain to the jury the legal effect of the answer to an interrogatory, or to give any instruction, explanation, or suggestion that seeks to harmonize the answer with the general verdict, or with other special findings; and it is clear that it would be error for the jury itself to do the same thing, substantially through the medium of an officer of the court, in the absence of both counsel and court.

(Levine, PJ. and Vickery. J., concur.)